IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE HAYNES SCHLADITZ<br>92 Village Drive<br>Mountville, PA 17554<br>         Plaintiff<br><br>v.<br><br>MAKE-A-WISH FOUNDATION,<br>PHILADELPHIA, DELAWARE AND<br>SUSQUEHANNA VALLEY<br>5 Valley Square, No. 210<br>Blue Bell, PA 19422<br>         Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

1. Plaintiff, Catherine Haynes Schladitz, resides at 92 Village Drive, Mountville, PA 17554 and is 60 years old.

2. Defendant, Make-A-Wish, Philadelphia, Delaware & Susquehanna Valley (hereinafter "Defendant MAW"), is a business with offices located at 5 Valley Square, No. 210, Blue Bell, PA 19422.

3. Jurisdiction over the federal claims is invoked pursuant to 28 USC § 1343, 1331 and 29 USC §§ 626(c)(1), 1140, 29 USC § 1001, et seq. and over the state law claims pursuant to the doctrine of supplemental jurisdiction.

4. A Charge of Discrimination was timely filed against Defendant, alleging age discrimination and retaliation, with the Equal Employment Opportunity Commission. A right to sue has been issued.

5. This action properly lies in the Eastern District Of Pennsylvania, Civil Division,

1

pursuant to 28 USC §§ 1391(c), 29 USC 1132(e), because the Plaintiff resides and worked for Defendant in Pennsylvania and Defendant MAW conducts business, has significant contacts in Eastern Pennsylvania and is subject to personal jurisdiction in Pennsylvania.

## FACTS

6. Plaintiff was hired by Defendant in December of 2015 for the position of Regional Events Manager.

7. During the time that Plaintiff was employed by Defendant, she consistently exceeded expectations. In 2021, Plaintiff exceeded expectations and received a 12% bonus.

8. In September of 2021, during Plaintiff's performance evaluation, she informed Defendant's recently hired CEO, Jennifer Davis, that she would like to be considered for the recently advertised position of Regional Development Director.

9. Plaintiff is and was qualified for this position and had previously handled the duties of this position, which paid a salary ranging up to $85,000.00.

10. After Plaintiff informed Ms. Davis of her desire to be promoted to the position of Regional Development Director, Ms. Davis became hostile, demeaning and disrespectful toward Plaintiff.

11. In September of 2021, Cara Feldman was hired by Defendant for the position of Vice President of Development and became Plaintiff's supervisor. Ms. Feldman is substantially younger than Plaintiff.

12. On November 29, 2021, Plaintiff asked Ms. Feldman of the status of her inquiry into the promotion to Regional Development Director.

13. Ms. Feldman responded to Plaintiff that she would speak with Ms. Davis regarding

her request for a promotion and get back to her.

14. At no time after Plaintiff requested the promotion in September of 2021 did Defendant interview Plaintiff for the position of Regional Development Director, even though this position remained open until after Plaintiff was discharged from her employment.

15. In mid-December of 2021, Ms. Davis informed Plaintiff that she would not be promoted and would remain a Regional Events Manager.

16. After the denial of promotion, Plaintiff complained to Patti O'Connell, Director of Finance, that Ms. Davis was being hostile towards her; isolating her from key decisions that directly impacted Plaintiff's job duties; excluded her from meetings; and ignored and marginalized Plaintiff at the meetings that she did attend.

17. During this time, Ms. Davis frequently failed to respond to Plaintiff's inquiries and emails.

18. On January 20, 2022, Plaintiff filed an anonymous complaint in Defendant's complaint portal known as "mysafeworkingplace.org."

19. Plaintiff was informed by Amy Bradley, the Vice President of Chapter Advancement, that her identity would have to be revealed for Defendant to investigate the complaint.

20. On February 7, 2022, Plaintiff filed another complaint with Defendant and identified herself as the complainant.

21. On February 8, 2022, Ms. Bradley emailed Plaintiff requesting to speak with her.

22. On February 9, 2022 at approximately 2:00 p.m., Plaintiff spoke with Ms. Bradley. During the conversation, Plaintiff informed her that Ms. Davis was being hostile towards her and was excluding Plaintiff from meetings and decisions important to perform her job.

23. Plaintiff also emphasized to Ms. Davis that she was not complaining anonymously and that she could present her complaints to Ms. Davis and the Board of Directors.

24. At approximately 4:00 on February 9, 2022, Plaintiff received a phone call from Ms. O'Connell informing her that Defendant was offering her a severance package of two weeks pay.

25. On Feburary 11, 2022 at approximately 12:00 p.m., in an email to Ms. Davis, Plaintiff: a) notified Ms. Davis that she was surprised to receive the offer of severance; b) informed her that she wanted to continue to work for Make-A-Wish; and, c) also requested that her complaints of age discrimination, harassment and hostile work environment be investigated.

26. At 5:43 p.m. on February 11, 2022, Ms. O'Connell emailed Plaintiff and informed her that she was discharged. Her email stated:

> I am writing to confirm that we have made the decision to terminate your employment from Make-A-Wish effective 5pm 2/11/22. On Wednesday evening, we shared with you a severance package. You will have 21 days from today (March 4th) to decide to sign the severance agreement. Beyond that, it will be void. Jennifer and I will make ourselves available on Monday, February 14th should you have any questions. Thank you, Cathy for your service to Make-A-Wish.

27. At no time, did Plaintiff accept the severance package offered by Defendant.

28. Since Plaintiff's discharge, her job duties have been handled by someone substantially younger than Plaintiff.

29 Defendant's failure to promote Plaintiff to Regional Development Director constitutes age discrimination.

30. Defendant's termination of Plaintiff's employment constitutes age discrimination. Any reason that Defendant could offer to justify its decision to discharge Plaintiff is false and constitutes a pretext.

31. Defendant's termination of Plaintiff's employment was retaliatory because she had engaged in protected activity when she complained about Defendant's harassment and discrimination.

32. Defendant's termination of Plaintiff's employment violates the Age Discrimination in Employment Act and PHRA.

33. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has lost and continues to lose compensation and benefits from Defendant Employer.

## COUNT I - ADEA

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 of this Complaint as though same were fully set forth at length herein.

35. At all times relevant Plaintiff was well qualified for her position and the promotion to Regional Development Director that she applied for.

36. On multiple occasions, Plaintiff engaged in protected activity and complained to management that he was being harassed, discriminated against and denied promotions because of her age. Defendant ignored and failed to respond to Plaintiff's complaints of age discrimination.

37. At all times relevant, Defendant harassed, demeaned, isolated and ignored Plaintiff because of her age.

38. Any reasons articulated to justify the failure to promote Plaintiff and/or to terminate Plaintiff's employment constitute a pretext.

39. Substantially younger employees than Plaintiff replaced her, were offered the job of Regional Development Director and were paid substantially more wages than Plaintiff had earned.

40. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs

alleged and is now suffering and will continue to suffer irreparable injury from his treatment by Defendant unless Defendant is enjoined by this Court.

41. The denial of Plaintiff the aforesaid promotion and the termination of Plaintiff from her employment was because Plaintiff engaged in protected activity and because of Plaintiff's age, all in violation of 29 U.S.C. § 623(a) (1) *et. seq.* and, therefore, entitles Plaintiff to relief.

42. The actions of Defendant constitute willful violations of 29 U.S.C. § 623 and, as such, entitles the Plaintiff to recover liquidated damages.

43. As a result of Defendant's discriminatory and retaliatory conduct, Plaintiff has lost and continues to lose compensation and benefits.

## COUNT III - STATE LAW CLAIMS

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint as though same were fully set forth at length herein.

45. Defendants have at all times material to the foregoing claims acted wilfully and with malice toward Plaintiff. The Defendants knew, or reasonably should have known, that the aforementioned conduct was in violation of the laws of the Commonwealth of Pennsylvania and the United States. The Defendants knew, or reasonably should have known, that Plaintiff was subject to discrimination; yet, Defendants took no action to cease their wrongful conduct and, in fact, committed further acts designed to cover up the patent discrimination against Plaintiff because of her age. Accordingly, Plaintiff is entitled to compensatory damages.

46. Defendant's aforementioned actions are in violation of the Pennsylvania Human Relations Act.

## JURY TRAIL

Plaintiff demands a jury trial of twelve jurors.

**WHEREFORE**, Plaintiff, Catherine Haynes Schladitz, respectfully requests that this honorable Court enter an order providing the following:

a. That Plaintiff recover from Defendant back pay with interest, front pay, compensatory damages, loss benefits, loss fringe benefits, liquidated damages and such other monetary relief the Court deems just;

b. That Plaintiff recover from Defendant her costs, including expert witness fees and reasonable attorneys' fees, together with such other remedies as may be provided by law; and

c. That the Court grant such other relief, including equitable and injunctive relief, as it deems just and proper.

_____
WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
Attorney for Plaintiff
1626 Pine Street
Philadelphia, PA 19103
(215) 546-2477

Date: 11-16-22